UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

FILED
MAR 0 5 2008
CLERK

| | |
|---|---|
| MILDRED REDDEST LONE HILL, | CIV. 07-5034-RHB |
| Plaintiff, | |
| vs. | ORDER |
| MICHAEL J. ASTRUE,<br>Commissioner, Social<br>Security Administration, | |
| Defendant. | |

Mildred Reddest Lone Hill (Lone Hill) seeks review of the determination of the administrative law judge (ALJ) that she is not disabled and thus, denying her application for benefits. The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## FACTS

Lone Hill applied for benefits alleging a disability onset date of December 23, 1998. Administrative Record (AR), 413. Her application was denied and she requested a hearing before an ALJ. AR 413. On February 15, 2000, a hearing was held before ALJ Patrick Augustine. AR 25. ALJ Augustine determined that Lone Hill suffered from "diabetes and related problems, back problems, hearing loss, dementia, borderline intelligence, adjustment disorder and alcohol dependance . . .[,]" but that these impairments did not meet or equal a listed impairment. AR 23. After determining Lone Hill's residual functional capacity

(RFC), and the jobs available to Lone Hill based upon her RFC, the ALJ found that Lone Hill was disabled as of February 9, 2000, but not prior to that date. AR 24.

Lone Hill appealed ALJ Augustine's determination that she was not disabled between December 23, 1998, and February 8, 2000. CIV. 02-5098, Docket #1. The appeal was filed with the United States District Court, District of South Dakota, Western Division, and assigned to Chief Judge Karen E. Schreier. Judge Schreier reviewed the matter and found that the ALJ erred in his formulating his determination that Lone Hill was not disabled prior to February 9, 2000. AR 413.

On December 3, 2003, an Order was issued reversing the determination and remanding the matter for further proceedings. It stated:

> The decision of the Commissioner of Social Security's decision denying [Lone Hill's] claim for disability insurance benefits and supplemental security income under Title II and XVI of the Social Security Act is reversed and remanded to the Commissioner in accordance with 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

AR 428. The Judgment, issued the same day, states in pertinent part:

> IT IS FURTHER ORDERED that this action is remanded to the Social Security Administration for further proceedings consistent with the Order Reversing and Remanding Decision of Commissioner.

AR 412.

Upon receipt of the Order and Judgment of the district court, the Appeals Council issued an order remanding the matter to an ALJ. AR 411. The order states:

> [t]he Appeals Council vacates the final decision of the Commissioner of Social Security and remands this case to an Administrative Law Judge for further proceedings consistent with the order of the court.

AR 411.

The matter was then assigned to ALJ James W. Olson. AR 404. ALJ Olson held a hearing on October 26, 2005. AR 392. A supplemental hearing was held on November 30, 2006. AR 392. On March 29, 2007, ALJ Olson issued his determination. AR 404. In his written opinion, ALJ Olson states,

> The Order of the Appeals council remanding the case states that the final decision [of the] Commissioner of Social Security is vacated .... It does not say part of the decision or only that part of the decision that was unfavorable. The undersigned interprets the Order's language that the entire decision is vacated as being clear and unambiguous. If the District Court judge wanted to award benefits to the claimant, she certainly has the authority and power to do so. She did not according to the language of her Judgment. Therefore, whether the claimant has ever been disabled since she filed in December 1998 is in issue. Discussion in a memorandum opinion does not constitute findings that are binding upon this Administrative Law Judge.

AR 392. ALJ Olson then proceeded to review the entire application for benefits, from December 23, 1998, to the present rather than the period of December 23, 1998, to February 8, 2000. AR 392-404. Based upon his review of the record and evidence received at the hearings, ALJ Olson determined that Lone Hill was not disabled during at any time. AR 393. Lone Hill appeals this determination.

## STANDARD OF REVIEW

The decision of the ALJ must be upheld if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); Metz v. Shalala, 49 F.3d 374, 376 (8th Cir. 1995) (citing Sullins v. Shalala, 25 F.3d 601, 603 (8th Cir. 1994), cert. denied, 573 U.S. 1076, 115 S. Ct. 722, 130 L. Ed. 2d 627 (1995)); Smith v. Shalala, 987 F.2d 1371, 1373 (8th Cir. 1993). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind might find it adequate to support the conclusion. Fines v Apfel, 149 F.3d 893 (8th Cir. 1998) (citing Oberst v. Shalala, 2 F.3d 249, 250 (8th Cir. 1993)). See also Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995) (citing Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971)). See also Onstead v. Sullivan, 962 F.2d 803 (8th Cir. 1992) (quoting Whitehouse v. Sullivan, 949 F.2d 1005, 1007 (8th Cir. 1991)). Review by this Court extends beyond a limited search for the existence of evidence supporting the Commissioner's decision to include giving consideration to evidence in the record which fairly detracts from the decision. Brockman v. Sullivan, 987 F.2d 1344, 1346 (8th Cir. 1993); Locher v. Sullivan, 968 F.2d 725, 727 (8th Cir. 1992); Turley v. Sullivan, 939 F.2d 524, 528 (8th Cir. 1991).

However, the Court's role under section 405(g) is to determine whether there is substantial evidence in the record as a whole to support the decision of the Commissioner and not to reweigh the evidence or try the issues de novo. Murphy v.

4

Sullivan, 953 F.2d 383, 384 (8th Cir. 1992). Furthermore, a reviewing court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993); Smith v. Shalala, 987 F.2d at 1374 (citing Locher, 986 F.2d at 727 (quoting Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir. 1984))). The Court must review the Commissioner's decision to determine if an error of law has been committed. Smith v. Sullivan, 982 F.2d 308, 311 (8th Cir. 1992); Nettles v. Schweiker, 714 F.2d 833, 836 (8th Cir. 1983). The Commissioner's conclusions of law are only persuasive, not binding, on the reviewing court. Smith v. Sullivan, 982 F.2d at 311; Satterfield v. Mathews, 483 F. Supp. 20, 22 (E.D. Ark. 1979), aff'd per curiam, 615 F.2d 1288, 1289 (8th Cir. 1980). As long as the ALJ's decision is supported by substantial evidence, then this Court cannot reverse the decision of the ALJ even if the Court would have decided it differently. Smith v. Shalala, 987 F.2d at 1374.

## DISCUSSION

Before examining the merits of ALJ Olson's opinion, the Court must determine if he had the authority to render such an opinion. In reviewing the plain language of the Orders of both Judge Schreier and the Appeals Council, the Court finds that ALJ Olson acted outside the scope of his authority.

The Commissioner argues that ALJ Olson was not bound by the determination of ALJ Augustine as the "law of the case" doctrine is not applicable.

5

In support of his position, the Commissioner cites Brachtel v. Apfel, 132 F.3d 417 (8th Cir. 1997) and Steahr v. Apfel, 151 F.3d 1124 (8th Cir. 1998). In both Brachtel and Steahr, the Eighth Circuit found that the "law of the case" doctrine did not apply where a determination of the Commissioner was reversed and remanded for further proceedings. Brachtel, 132 F.3d at 420; Steahr, 151 F.3d at 1126. In each of these cases, however, the district courts reversed the complete determination of the first ALJ and the entire matter was remanded for further proceedings. Brachtel, 132 F.3d at 419; Steahr, 151 F.3d at 1125. Furthermore, on review of the second determinations, each of the district courts found that the ALJ acted in accordance with the spirit and letter of its order of remand. Brachtel, 132 F.3d at 420; Steahr, 151 F.3d at 1126. This is not the case in this matter.

As stated previously, Judge Schreier remanded the matter with regard to the determination of not disabled for the period of December 23, 1998, to February 8, 2000. The Appeals Council ordered the ALJ to act within the constraints of that Order. This Court does not agree with ALJ Olson's assessment of what these Orders state. By revisiting ALJ Augustine's determination that Lone Hill was disabled as of February 9, 2000, ALJ Olson violated both the letter and the spirit of the Orders. As a result, the determination that Lone Hill has not been disabled at any time is reversed and the prior determination that she was disabled as of February 9, 2000, is

6

reinstated. Lone Hill shall receive the benefits awarded to her under ALJ Augustine's determination.

With regard to the period of time between December 23, 1998, and February 8, 2000, the Court finds that the ALJ erred in his determination that Lone Hill was not disabled. In his zeal to disregard the determination of ALJ Augustine and the authority of Judge Schreier and the Appeals Council, ALJ Olson failed to properly consider the evidence. The Court finds that his determination is not supported by substantial evidence. Accordingly, it is hereby

ORDERED that the decision of the Commissioner is reversed.

IT IS FURTHER ORDERED that this matter is remanded to the Commissioner who shall award benefits to Lone Hill beginning December 23, 1998.

Dated this 4 day of March, 2008.

BY THE COURT:

Richard H. Battey
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE

7